NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD DEAN CARPENTER, | No. 18-35245 |
| Plaintiff-Appellant, | D.C. No. 1:17-cv-00085-AA |
| v. | |
| KLAMATH COUNTY JAIL, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted December 17, 2018[**]

Before:    WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

Oregon state prisoner Richard Dean Carpenter appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action arising from a

beating by another inmate.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo, *Gordon v. County of Orange*, 888 F.3d 1118, 1122 (9th Cir.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2018), and we affirm.

The district court properly granted summary judgment on Carpenter's deliberate indifference to safety and medical needs claims because Carpenter failed to raise a genuine dispute of material fact as to whether an official policy, custom, or usage of the county exposed Carpenter to a substantial risk of serious harm. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978) (outlining standard for municipal liability under § 1983); *Castro v. County of Los Angeles*, 833 F.3d 1060, 1076 (9th Cir. 2016) (en banc) (explaining that objective standard applies as to whether a municipal defendant was deliberately indifferent); *see also Mendiola–Martinez v. Arpaio*, 836 F.3d 1239, 1258-59 (9th Cir. 2016) (summary judgment affirmed on deliberate indifference to medical needs claim where plaintiff did "not attempt to link any policy or practice of the County Defendants" to her alleged injury); *Labatad v. Corrs. Corp. of Am.*, 714 F.3d 1155, 1161 (9th Cir. 2013) (summary judgment affirmed on deliberate indifference to safety claim where there was "no record of any threats or problems" between two inmates and plaintiff "provided no specifics" about telling officer he should not be housed with particular inmate); *Deveraux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (explaining that "[o]nce the moving party carries its initial burden, the adverse party 'may not rest upon the mere allegations or denials of the adverse party's pleading'" to preclude summary judgment).

**AFFIRMED.**